UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JERRY HOGAN,

    Plaintiff,

v.                                                                                         Hon. Robert J. Jonker

AVERY D. ROSE, et al.,                                   Case No. 1:25-cv-

    Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff initiated this action on April 25, 2025, by filing a pro se complaint against Kent County Probate Judge Avery D. Rose, Kristina Begley, and Michael Newell. Having granted Plaintiff's motion to proceed as a pauper (ECF No. 4), I have conducted an initial review of the complaint pursuant to 28 U.S.C. § 1915(e)(2) to determine whether it is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. I have also *sua sponte* reviewed the complaint to determine whether it is within this Court's subject matter jurisdiction. Although there are many grounds to dismiss the complaint, I recommend that the Court do so because it lacks subject matter jurisdiction over this matter.

Plaintiff resides in a nursing home in Ionia, Michigan, where he has lived since August 9, 2024. (ECF No. 1 at PageID.1). He alleges that he went to the hospital for treatment of his feet. In connection with that visit, apparently due to his perceived inability to care for his own physical health, a proceeding, Case No. 23-212747-GA, was initiated in the Kent County Probate Court seeking appointment of a guardian for Plaintiff. (*Id.* at PageID.1–3.) The matter was assigned to

Kent County Probate Judge Avery D. Rose. Judge Rose appointed Defendant Kristina Begley as Plaintiff's guardian. Plaintiff has also sued Michael Newell, but his role in the matter is unclear.[1]

Plaintiff believes that he does not require a guardian as he claims there is nothing wrong with him and he can manage his own affairs, such as taking his medications and scheduling his own doctor appointments. Plaintiff also alleges that a doctor has determined that he is competent. (*Id.* at PageID.2–3.) Plaintiff claims that the hospital wanted to amputate his leg, but he refused, which the Ombudsman confirmed was his right to do. (*Id.* at PageID.4–5.) Plaintiff believes that Judge Rose is breaking the law and "wants a lawsuit put on [him] and Kristina Begley." (*Id.* at PageID.3.) For relief, Plaintiff simply wants to go home to his family. (*Id.* at PageID.5.)

As courts of limited jurisdiction, "federal court[s] must proceed with caution in deciding that [they have] subject matter jurisdiction." *Musson Theatrical, Inc. v. Fed. Express Corp.*, 89 F.3d 1244, 1252 (6th Cir. 1996). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). Plaintiff fails to meet his burden of alleging that the Court has subject matter jurisdiction over this matter. Plaintiff does not raise a claim involving a federal question, 28 U.S.C. § 1331, nor does he plead a claim within the Court's diversity jurisdiction, 28 U.S.C. § 1332(a). In fact, construing the complaint liberally, as I must, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), it is difficult to discern any legally cognizable claim.

At bottom, Plaintiff disagrees with Judge Avery's rulings. He believes that he does not need a guardian. While I am sympathetic to Plaintiff's situation, he has chosen the wrong forum for the relief he seeks because the Court lacks jurisdiction to review Judge Avery's orders. The

---

[1] Plaintiff's description of Newell's position is indecipherable. (*Id.* at PageID.4.)

2

*Rooker-Feldman* doctrine, which is rooted in the Supreme Court's decisions in *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), provides that lower federal courts such as this one are without authority to review final judgments of state courts in judicial proceedings. This is because "only the Supreme Court of the United States has the jurisdiction to review state court decisions." *Coleman v. Governor of Mich.*, 413 F. App'x 866, 870 (6th Cir. 2011) (citing *Rooker*, 263 U.S. at 416); *see also Givens v. Homecomings Fin.*, 278 F. App'x 607, 608–09 (6th Cir. 2008). The Supreme Court has clarified the scope of the doctrine, confining it to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). In light of *Exxon Mobil*, the Sixth Circuit "distinguishe[s] between plaintiffs who bring an impermissible attack on a state court judgment—situations in which *Rooker-Feldman* applies—and plaintiffs who assert independent claims before the district court—situations in which *Rooker*-Feldman does not apply." *Kovacic v. Cuyahoga Cnty. Dep't of Children & Family Servs.*, 606 F.3d 301, 309 (6th Cir. 2010).

Here, Plaintiff's complaint falls within the latter group of cases—an impermissible attack on a state-court judgment—because Plaintiff essentially asks this Court to sit as an appellate court and review the state-court's judgment. Even if Plaintiff alleged that Judge Rose's decision was unconstitutional in some respect, as explained above, this Court cannot review that decision.

## CONCLUSION

For the foregoing reasons, I recommend that the Court dismiss Plaintiff's complaint for lack of jurisdiction.

The Court must also decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). Good faith is judged objectively, *Coppedge v. United States*, 369 U.S. 438, 445 (1962), and an appeal is not taken in good faith if the issue presented is frivolous, defined as lacking an arguable basis either in fact or law. *See Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 511 (6th Cir. 2001). For the same reasons that I recommend dismissal of the action, I discern no good faith basis for an appeal and recommend that, should Plaintiff appeal this decision, the Court assess the $605.00 appellate filing fee pursuant to Section 1915(b)(1), *see McGore*, 114 F.3d at 610-11.

Date: May 2, 2025                                          /s/ Sally J. Berens
                                                           SALLY J. BERENS
                                                           U.S. Magistrate Judge

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).